# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH G. WILEY, | ) | CV F  05-00308 OWW DLB HC |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | ) | [Doc. 7] |
| A.K. SCRIBNER, | ) | |
| Respondents. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL BACKGROUND[1]

On January 14, 1997, Petitioner was convicted in the Fresno County Superior Court for two counts of attempted murder and two counts of robbery by force and fear.  The jury found that, with respect to the two counts of attempted murder, that Petitioner committed the offenses willfully, deliberately and with premeditation and, as to all counts, that he personally used a firearm during the commission of the offenses with the meaning of section 12022.5, subdivision (a).  The court sentenced Petitioner to two life terms and 17 years.  (Lodged Doc. 1.)

Petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth Appellate District.  On August 26, 1998, the Court of Appeal affirmed the judgment.  (Lodged

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.

1

1  Doc. 2.)

2      A petition for review was filed in the California Supreme Court.  It was denied on
3  November 18, 1998.  (Lodged Doc. 4.)

4      Petitioner filed three post-conviction challenges, all petitions for writs of habeas corpus.
5  The first petition was filed in the Fresno County Superior Court on May 27, 2003, and was
6  denied on June 2, 2003.  (Lodged Docs. 5-6.)  The second petition was filed in the California
7  Court of Appeal, Fifth Appellate District, on September 8, 2003, and was denied on September
8  11, 2003.  (Lodged Docs. 7-8.)  The third petition was filed in the California Supreme Court on
9  December 11, 2003, and was denied on October 13, 2004.  (Lodged Docs. 9-10.)

10      Petitioner filed two prior writs of habeas corpus with this Court.  The first action was
11  filed in case number CV-F-99-6658 AWI DLB P on November 19, 1999, and was dismissed for
12  the failure to comply with a court order on June 29, 2000.  (Lodged Docs 11-13.)  The second
13  action was filed in case number CV-F-02-5128 AWI DLB HC on January 31, 2002, and was
14  dismissed for being filed outside the one-year statute of limitations on February 20, 2003.
15  (Lodged Docs. 14-17.)

16      Petitioner filed the instant petition for writ of habeas corpus on March 3, 2005.  By order
17  of April 1, 2005, the Court directed Respondent to file a response to the petition.  Respondent
18  filed the instant motion to dismiss on June 21, 2005.  Petitioner did not file an opposition.

19                        DISCUSSION

20  A.    <u>Procedural Grounds for Motion to Dismiss</u>

21      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
22  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
23  petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to
24  Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state
25  remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as
26  to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the
27  ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss
28  under Rule 4 of the Rules Governing Section 2254 Cases.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915

F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 3, 2005, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on January 14, 1997. The California

Supreme Court denied Petitioner's petition for review on November 18, 1998.[2] Thus, direct review became final on February 16, 1999, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[3] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from February 16, 1999, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Therefore, the statute was set to expire on February 16, 2000. Petitioner did not file the instant petition until March 3, 2005, thus, absent grounds for tolling the action is time-barred.

C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[4] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate

---

[2] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[3] See Sup. Ct. R. 13(1)

[4] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 533 U.S. 167 (2001).

As explained above, Petitioner filed three state court collateral petitions, however, the earliest of the three state habeas corpus petitions was not filed until May 27, 2003, over three years after the statute of limitations had expired. (Lodged Doc. 5.) Because the limitations period had already expired, the collateral challenges have no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). Once the statute has run, a collateral action cannot revive it. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Further, Petitioner is not entitled to tolling by way of the two prior federal petitions for writs of habeas corpus filed in this Court in case numbers CV-F-99-6658 AWI DLB P and CV-F-02-5128 AWI DLB HC. The United States Supreme Court held in its decision in Duncan v. Walker, 533 U.S. 161 (2000), that a federal petition for writ of habeas corpus did not qualify to toll the statute of limitations as it was not an "application for state post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2).

D.   Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner did not file an opposition and has not presented any grounds for equitable tolling. Thus, the instant petition for writ of habeas corpus is barred by the statute of limitations and must be dismissed, with prejudice.[1]

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED;

2. The action be dismissed, with prejudice, as time barred by the one-year statute of limitations; and

3. The Clerk of Court shall enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 29, 2005**            /s/ Dennis L. Beck
3b142a
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the action is clearly barred by the statute of limitations, the Court does not reach Respondent's additional arguments that the petition is unexhausted and successive.